**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CICELY D. GRAHAM,**

      **Plaintiff,**

**v.**                                                         **Case No.  8:06-cv-1651-T-TBM**

**MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,**[1]

      **Defendant.**
_____/

**O R D E R**

    THIS MATTER is before the court on the Commissioner's **Motion for Entry of Judgment with Remand** (Doc. 25).  By this motion, the Commissioner seeks an Order remanding the case for the following reasons:

> The administrative law judge's (ALJ) decision concludes that the Plaintiff retains the residual functional capacity for sedentary work with the ability to stand or walk no more than 2 hours, sit no more than 6 hours, occasionally climb, balance, stoop, kneel crouch and crawl while avoiding hazardous terrain.  The ALJ's decision states that significant weight was given to the opinions of consultative examiner Dr. Sandhu, and the ALJ states that his residual functional capacity finding is consistent with those opinions.  However, Dr. Sandhu found Plaintiff was limited to standing/walking less than 2 hours in an 8-hour workday and sitting less than 6 hours in an 8-hour workday.  Thus, Dr. Sandhu's opinion suggests an inability to sustain an 8-hour workday and is inconsistent with the ALJ's residual functional capacity finding.  Therefore, on remand, the ALJ should evaluate the

---

[1]Michael J. Astrue became Commissioner of Social Security on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

> examining source opinions of Dr. Sandhu and to further rationalize the residual functional capacity finding. If the ALJ decides not to adopt all of Dr. Sandhu's findings, the ALJ should articulate his reasons. Finally, the ALJ should consider whether Plaintiff can perform her prior relevant work or other work in the national economy. Finally, Plaintiff should be allowed to present additional evidence the ALJ may consider relevant and should be afforded the opportunity to testify at a hearing before the ALJ.

The Commissioner represents that Plaintiff does not object to the motion.

This motion is made pursuant to Sentence Four of § 405(g) of the Social Security Act, which provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In a Sentence Four remand, the appropriate procedure requires the court to enter final judgment in favor of the Plaintiff. Shalala v. Schaefer, 509 U.S. 292 (1993).

Accordingly, the Commissioner's **Motion for Entry of Judgment with Remand** (Doc. 25) is **GRANTED**. The decision is reversed and remanded for further proceedings before the Commissioner consistent with this Order. The Clerk is directed to enter Judgment in favor of the Plaintiff and to close the case. The matter of fees and costs shall be addressed upon further pleadings.

**Done and Ordered** in Tampa, Florida, this 2nd day of August 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record